# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| USIBELLI COAL MINE, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 99-267 T<br>**Allegra, J.** |

## JOINT STATUS REPORT

In accordance with the Court's Order filed January 10, 2006, the parties hereby file a joint status report for this case.

As the parties previously reported, this action involves Plaintiff's claims for refunds of Black Lung Excise Taxes ("BLET") imposed on Plaintiff's export sales of coal pursuant to 26 U.S.C. § 4121. The BLET was held to be unconstitutional as applied to export sales of coal in *Ranger Fuel Corp. v. United States*, 33 F. Supp. 2d 466 (E.D. Va. 1998). The government did not appeal *Ranger Fuel* and the Internal Revenue Service has issued a notice indicating its acquiescence in that decision. *See* Notice 2000-28, 2000-1 C.B. 1116.

As the parties previously advised the Court, the parties have agreed, for the purpose of determining the amount of BLET to be refunded to Plaintiff, to pursue the administrative procedures offered by the government in its letter to Plaintiff's counsel dated September 20, 2001, which has been filed in this case. Specifically, the parties suspended discovery and trial preparation, and instead the IRS conducted audits of Plaintiff's claims to determine the amount that the IRS believes should be refunded.

As the parties previously reported, the IRS had completed its audit for those claims which fall outside the three-year administrative statute of limitations, but are within the six-year statute of limitations applicable to Plaintiff's claims under the Export Clause of the Constitution, brought pursuant to the Tucker Act. Following the completion of the audit, Plaintiff had submitted a settlement proposal for its Tucker Act claims, which the government had accepted.

On February 1, 2006, the parties filed a Stipulated Judgment which provides that Plaintiff is entitled to judgment in the amount of $1,229,331, to be paid without interest. On November 8, 2002, this Court found that Plaintiff is not entitled to interest on the amounts which will be refunded in the Judgment to be issued in connection with Plaintiff's claims under the Tucker Act. Plaintiff intends to appeal the Court's denial of interest, and Defendant intends to cross-appeal the Court's judgment for the underlying principal, once judgment is entered for the principal but excluding interest.

* * *

The Clerk of the Court designated this case as an electronic case, pursuant to General Order No. 42A, on March 25, 2005. Accordingly, this joint status report has been filed electronically.

Counsel for Defendant has reviewed this report and has authorized Plaintiff's counsel to file it on behalf of both parties.

Respectfully submitted,

2/1/06
Date

Steven H. Becker
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY 10036-7703
(212) 626-4100
Counsel for Plaintiff